**GUANG XIAN LIN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 04–6505–ag.

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Guang Xian Lin, Pro Se, Brooklyn, NY, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Alfred B. Jernigan, Jr., Assistant United States Attorney, Jackson, MS, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Guang Xian Lin (No. A 77 539 470) petitions for review of the BIA's order of November 17, 2004 denying his motion to reopen asylum-only proceedings and affirming the September 22, 2003 decision of

Immigration Judge Theresa Holmes–Simmons. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

■■■■ The BIA did not abuse its discretion in denying Lin's motion to reopen. The BIA explained that the Population and Family Planning Law was enacted prior to Lin's September 2003 asylum hearing, and that the expert witness affidavit and transcript of related testimony were also available at the time of his asylum hearing. Additionally, the BIA explained that the birth of Lin's son and the March 2003 Department of State information on country conditions would not likely change the result in this case. Lin's claim of a well-founded fear of future persecution based on the birth of his first child in the United States is too speculative to succeed given the evidence presented. *See Jian Wen Wang v. BIA*, 437 F.3d 276, 278 (2d Cir. 2006); *cf. Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir.2005). Finally, we cannot address the claims Lin raises to this Court based on his recent conversion to Christianity because those claims were never presented to the BIA. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.